*Robin Herron v. The Kroger Company*
*State Court of Gwinett County, State of Georgia*
*Civil Action File Number:  21-C-01246-S5*

*Robin Herron v. The Kroger Company*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:21-mi-99999)*

# EXHIBIT A:  PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-01246-S5
2/15/2021 3:51 PM

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ **Superior**
☑ **State**

**County** Gwinnett

**Docket #** 21-C-01246-S5

**Date Filed** 02-15-2021
MM-DD-YYYY

*Tiana P. Garner*
CLERK OF STATE COURT

**Plaintiff(s)**
HERRON, ROBIN

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

**Defendant(s)**
THE KROGER COMPANY

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**    ☐ **Pro Se**

REVOLLO, ASHTON A.
Last            First            Middle I.    Suffix

**Bar #** 209878

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☑ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes  ☑ No

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01246-S5**
**2/15/2021 3:51 PM**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

*Tiana P. Garner*
CLERK OF STATE COURT

**Robin Herron**

CIVIL ACTION
NUMBER:_____ **21-C-01246-S5** _____

PLAINTIFF

VS.

**The Kroger Company**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Ashton A. Revollo
The Pendergrass Law Firm
45 Technology Parkway South, Suite 230
Peachtree Corners, GA 30092

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **15th** day of **February**, 20**21**.

Tiana P. Garner
Clerk of State Court

By_____
   Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01246-S5**
**2/15/2021 3:51 PM**

*Tiana P. Garner*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROBIN HERRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE KROGER COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL ACTION
FILE NO. **21-C-01246-S5**

## COMPLAINT FOR PERSONAL INJURIES
### (Jury Trial Demanded)

COMES NOW Plaintiff in the above-styled civil action, and brings this Complaint against the Defendant above-named, and in support thereof, shows the Court as follows:

### 1.

Defendant The Kroger Company d/b/a Kroger ("Kroger") is a foreign corporation doing business in this state and county and is subject to the jurisdiction and venue of this Court.

### 2.

On December 21, 2019, Plaintiff was a business invitee shopping at Defendant Kroger located at 1475 Buford Drive, Lawrenceville, Georgia 30043.

### 3.

At said place and date, Defendant Kroger was responsible for keeping the premises safe and in good repair for invitees and licensees.

### 4.

At said place and date, Plaintiff fell over a hand truck as it was positioned near her.

### 5.

1

The placement of the hand truck created a hazardous condition on the premises.

7.

At said place and time, Defendant owed a duty to Plaintiff to exercise ordinary care to keep the premises safe, to not injure Plaintiff by maintaining a dangerous condition, and to warn Plaintiff of any hazardous conditions.

8.

Defendant breached this duty of care by, among other things, failing to keep the area safe for Plaintiff, failing to warn the Plaintiff of the dangerous condition, and failing to regularly inspect the area so as to discover and remove hazards.

9.

No warnings or hazardous condition warnings were placed in a conspicuous location to warm Plaintiff of the hazard on the premises.

10.

Defendant had actual or constructive knowledge of the hazardous condition caused by the hand truck on the floor.

11.

Said fall was solely and proximately caused by the negligence of the Defendant who breached their duty of care to Plaintiff by, among other things, failing to maintain the premises, creating and maintaining a dangerous condition, failing to protect the Plaintiff from hidden perils and failing to warn Plaintiff of the hazardous condition.

12.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained personal

2

injuries and incurred extensive charges for medical care in excess of $34,000.00 to date and will incur additional medical and other expenses into the future.

13.

As a further result of said negligence, Plaintiff has suffered great physical and mental pain and suffering, inconvenience, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to judgment against Defendant for a sum to be determined by the jury to constitute full and complete compensation for all of said injuries, past, present, and future.

WHEREFORE, Plaintiff prays for the following:

(a) That service of process issue upon the Defendant as provided by law;

(b) That Plaintiff be awarded compensatory damages for medical and other expenses and general damages for pain and suffering, past, present and future in a sum and amount to be shown at trial in accordance with the enlightened conscience of an impartial jury;

(c) That Plaintiff have a trial by jury on all issues;

(d) The Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

This the 15th day of February, 2021

( *See Signatures Following*)

3

Respectfully submitted,

/s/ Ashton A. Revollo
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
ASHTON A. REVOLLO
Georgia Bar Number 209878
Attorneys for Plaintiff

**THE PENDERGRASS LAW FIRM, PC**
45 Technology Pkwy S, Suite 230
Peachtree Corners, Georgia 30092
(404) 348-4511

4

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-01246-S5**
**2/15/2021 3:51 PM**

*Tiana P. Garner*
CLERK OF STATE COURT

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ROBIN HERRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE KROGER COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL ACTION
FILE NO. **21-C-01246-S5**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE KROGER COMPANY

COMES NOW Plaintiff, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36 submits herewith to Defendant The Kroger Company ("Kroger"), for response within forty-five (45) days after service hereof, in the form provided by law, the following requests for admissions, interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf. You are advised that if you fail to admit any of the Request for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

## REQUEST FOR ADMISSIONS

1.

The Defendant admits that it has been properly served with a copy of the Summons and Complaint in the above-styled action.

2.

The Defendant admits that jurisdiction and venue are proper in this case.

3.

The Defendant admits that on or about December 21st, 2019 it owned and maintained of the property located at 1475 Buford Drive, Lawrenceville, Georgia 30043.

4.

The Defendant admits that the Plaintiff fell at the premises located at 1475 Buford Drive, Lawrenceville, Georgia 30043.

5.

The Defendant admits the presence of a hand truck in the immediate vicinity of Plaintiff's subject fall.

6.

The Defendant admits that it had actual knowledge of the hand truck prior to in which the Plaintiff fell.

7.

The Defendant admits that the hand truck on its floor solely and proximately caused Plaintiff's subject fall.

2

8.

The Defendant admits that it was immediately aware that Plaintiff sustained personal injuries as a result of the subject fall.

9.

The Defendant admits that it conducted an investigation of Plaintiff's subject fall pursuant to its policies and procedures.

10.

The Defendant admits that it conducted an investigation of Plaintiff's subject fall in anticipation of litigation.

11.

The Defendant admits that it used a hand truck in the immediate vicinity of Plaintiff's subject fall pursuant to its policies and procedures.

12.

The Defendant admits that no other person or entity was responsible for operating and maintaining the hand truck of the subject premises.

13.

The Defendant admits the subject property was equipped with video surveillance cameras at the time of the subject incident.

3

## **FIRST INTERROGATORIES**

You are required to answer the following interrogatories and to serve a copy of your answers on the attorneys for the Plaintiff as provided by law.

In answering the following interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

All the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26(c), and you are required to serve supplemental answers to the extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial. Copies of such supplemental answers shall be served on the attorneys for Plaintiff within thirty (30) days from the discovery of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the incident which occurred on or about December 21, 2019, at the Kroger store located at 1475 Buford Drive, Lawrenceville, Georgia 30043 involving these parties, and which forms the basis of the Complaint filed by the Plaintiff in this action.

1.

Do you contend that some other person or company, in whole or in part, is liable to Plaintiff in this matter or is liable, in whole or in part, to you? Please state "yes" or "no." If your answer is in any way in the affirmative, state the full name, address, and telephone number of that person or company and the specific basis for any such contention(s).

4

2.

Please state the name, home address including zip code, business address including zip code, and home and business telephone number of each person, including any party who, to your knowledge, information or belief:

(a)    was an eye-witness to the incident or any parts of the incident or came upon the incident scene while the Plaintiff was still present.

(b)    has some knowledge of any fact or circumstances upon which your defenses in this matter are based;

(c)    assisted in answering these Interrogatories.

3.

Please describe the substance of each and every comment, statement or report which to your knowledge, information or belief, has been made by any person named in your response to interrogatory number 1 above, giving as to each the date the comment, statement or report was made, the parties present when made, and the form (whether oral, written, recorded, etc.), and please provide the name, address, and phone number of the person presently having custody of each written statement or report.

4.

Was an investigation or report made by you or on behalf of you, your representatives, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit?  If your answer is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in such investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

5

5.

Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in writing, from the Plaintiff, any witness or other person purporting to have knowledge of any aspect of the subject incident?  If so, identify the name of the person who gave the statement, state what was said by such person and state the name, address, and telephone number of anyone who overheard the statement or has possession, custody, or control of such statement, transcript, or summary of such statement.

6.

Identify any employees, representatives, agents, or independent contractors responsible for maintaining the floors clean and dry at the subject location where Plaintiff fell.

7.

State whether or not an inspection protocol or policy and procedure was in effect at the subject location on the date of the subject incident and describe the protocol and identify any company documents that describe said protocol or policy and procedure.

8.

For each inspection protocol or policy and procedure identified above, state whether or not it was performed and if so, by whom and describe the results.

9.

Please identify any and all records memoranda, or files regarding the maintenance of the area where the Plaintiff fell, for a period of three (2) years prior to the incident and one (1) year after the incident.  Please provide the name, address and phone number of each person who has custody of the original of such documents as well as the name of the person who has copies of said records.

10.

Please identify any and all records, memoranda, logs, or files regarding the stocking performed at the property at 1475 Buford Drive, Lawrenceville, Georgia 30043 for a period of three (3) years prior to the incident and one (1) year after the incident. Please provide the name, address and phone number of each person who has custody of said records.

11.

Describe the extent of your knowledge of the existence of the hand truck on the premises described in the Complaint. Please provide the length of time the hand truck was on the floor.

12.

Identify any photographs, motion pictures, videotapes, surveys, charts, plats, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject incident, the site of the subject incident, or which in any way illustrates any facts relevant to the subject incident. As to each item, please state the nature of such item; how many of such items exist; the name, address and employer of the person making/supplying such item; and the identity of the person who presently possesses such item.

13.

Were there video cameras in place at the subject establishment on the date of Plaintiff's fall? If so, state the following:

(a)     Were the cameras operating on the date of Plaintiff's fall?

(b)     The location of each camera and the area it filmed.

(c)     Did any camera film the area where Plaintiff fell?

(d)     Was the videotape(s) reviewed to see if it filmed Plaintiff's fall or any alleged inspection of the area of Plaintiff's fall prior to her fall? If so, by whom and when?

(e)      If any such videotape(s) exist, state the current location and custodian.

14.

What is your protocol for retaining videotapes:

(a)      In the ordinary course of business?

(b)      In the event of an incident such as an injury on the premises that may lead to a claim being presented to you?

(c)      Who was responsible for implementing this protocol at the subject store on the date of the subject incident?

15.

Please identify by name, address and telephone number the employees who supervised the operations at the premises.

16.

Please identify any person(s) who discussed this matter at the offices of Kroger on the day of or the day after the incident.  Please provide the name, address and phone number of each person identified.

17.

Please identify each and every document, paper, questionnaire, or written material that was presented by Kroger to the Plaintiff following the incident.   Please identify each document signed by the Plaintiff.

18.

Please state the names and addresses or information sufficient for the location of each and every  person  known  or  reasonably  believed  by  you  or  known  by  your  attorneys,  agents  or

8

investigators to have heard the Plaintiff make any statement, remark or comments concerning the incident.

19.

Please state the names and addresses or information sufficient for the location of each and every person who worked for Kroger on December 21st, 2019. Please state which person or persons were responsible for using a hand truck in the area where the Plaintiff fell. Please indicate whether they are now employed by the Defendant.

20.

Please describe all policies of insurance, including umbrella or excess policies, known or believed by you to have been in force and effect and which would provide coverage at the time of the incident and for each policy, please state the following:

    (a)    The full name of the company issuing the policy;

    (b)    The policy number;

    (c)    The limits of liability coverage;

    (d)    The limits of the property damage coverage;

    (e)    The full name of each insured shown on the declarations portion of the policy;

    (f)    Where and how the policy was purchased;

    (g)    Whether the insurance company has assumed the defense of this matter; and

    (h)    Whether the insurance company has provided its insured with any reservation of rights or other qualification to coverage pursuant to the policy.

21.

Please identify each person whom you expect to call as an expert witness at the trial of this case and with respect to each person, state the subject matter on which such expert is expected to

9

testify, date witness was retained, state the substance of the facts and opinions to which each such expert is expected to testify and give a summary of the grounds for each such opinion.

22.

Please identify any and all reports or other documents describing falls at the property at 1475 Buford Drive, Lawrenceville, Georgia 30043 for a period of one (1) year prior to the incident and one (1) year after the incident.

23.

If you denied any of the foregoing Request for Admissions, for each admission or any portion thereof you denied, please state each and every fact upon which you base your denial, provide the name, address and phone number of all persons having knowledge of these facts, and indicate which facts are supported by which person or persons.

24.

If, in responding to the foregoing Request for Admissions, you could not answer the admission for lack of sufficient information, please describe all inquiries made by you to attempt to answer the request.

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on his behalf to inspect them and copy such of them as they may desire, within thirty (30) days from the date of service as provided by law.

YOU ARE HEREBY NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

10

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to accounts, advertisements, agreements, amendments, analyses, appointment books, articles, bank checks, bibliographies, bills, binders, books, brochures, bulletins, cablegrams, calculations, canceled checks, cashier's checks, catalogs, charts, check stubs, communications (including inter-office and intra-office), computer print-outs, computer data, contracts, corporate records, correspondence, data sheets, desk calendars, diaries, diary entries, drafts, drawings, e-mail, films, financial records, formulas, freight bills, instructions, invoices, labels, ledger books, letters, lists, mail-grams, manuals, memoranda, microfiche, microfilm, minutes of board of directors, minutes of committee meetings, newspapers, notebooks, notes, orders, pamphlets, papers, periodicals, photographs, plans, projections, publications, receipts, records, reports, schedules, shipping orders, sketches, sound recordings, specifications, studies, surveys, telegrams, test results, videotapes, vouchers, working papers, work sheets, things similar to any of the foregoing, and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations, statements, negotiations, meetings or conferences, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce a copy of all insurance policies that provided general liability insurance for Kroger and its agents for the property located at 1475 Buford Drive, Lawrenceville, Georgia 30043 during December 2019.

2.

Please produce a schematic of the Kroger, located at 1475 Buford Drive, Lawrenceville, Georgia 30043, which accurately indicates the location of the area of the subject incident and the location and direction of every camera within the subject property at the time of the subject incident. In the event that the schematic of the store or the location of the cameras has change please produce those as well.

3.

Please produce true, accurate and complete copies of any and all documents relating to your contention that some other person or company is, in whole or in part, liable to Plaintiff in this matter or is liable, in whole or in part, to you in this matter.

4.

Please produce true, accurate and complete copies of any and all policies, procedures, training manuals, and other documents or things that pertain to injury accidents, safety, maintenance, inspection procedures and protocols for the subject premises.

5.

Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence reflecting the scene of the subject incident of Plaintiff's fall.

6.

12

Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence reflecting any alleged inspection in at the scene of the subject incident as well as the areas surrounding it.

7.

Please produce any and all documents, forms, electronic data, communications, or otherwise which contain a record of any and all review of any and all video surveillance which captured the incident, the last reasonable inspection, and how long the hazard condition remained on the floor where the subject incident occurred.

8.

Please produce true, accurate and complete copies of any and all statements of Plaintiff, any witness or other individual purporting to have knowledge of the subject incident.

9.

Please produce any videotape or photographs of the Plaintiff in your possession.

10.

Please produce the personnel files for any and all employees or contractors responsible for maintenance and inspections on duty on the date of the subject incident.

11.

Please produce any documents or tangible things upon which you base your denial of liability for the damages alleged in the Complaint, or which you claim supports your denial of liability or denial of the amount of damages

12.

13

Please produce a list of all of your employees, contractors, agents, or representatives who worked at the subject store on the date of the incident.

13.

Please produce clock-in logs or other employee logs for all employees responsible for maintaining the floors at the subject premises on the date of the fall.

14.

Please produce all documents obtained through Requests to Non-Parties pursuant to O.C.G.A. § 9-11-34.

This the 15th day of February, 2021

Respectfully submitted,

/s/ Ashton A. Revollo
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
ASHTON A. REVOLLO
Georgia Bar Number 209878
Attorneys for Plaintiff

**THE PENDERGRASS LAW FIRM, PC**
45 Technology Pkwy S, Suite 230
Peachtree Corners, Georgia 30092
(404) 348-4511

14